IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| JULIE ASHBROOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. |
| vs. | ) |
| | ) |
| COMMERCIAL RECOVERY SYSTEMS, INC., | ) |
| | ) **JURY DEMAND ENDORSED HEREON** |
| | ) |
| Defendant. | ) |

### COMPLAINT

NOW COMES the Plaintiff, JULIE ASHBROOK, by and through her attorney, JAMES M. ERVIN, and for her Complaint against the Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Greer, South Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a corporation of the State of Texas, which is not licensed to do business in South Carolina and which has its principal place of business in Dallas, Texas.

## **ALLEGATIONS**

8. Defendant, through its agents, representatives and/or employees, including, but not limited to individuals representing themselves as Bobby Bray (hereinafter "Bray"), and Karen Hazel (hereinafter "Hazel"), began contacting Plaintiff during or about June or July of 2012 in attempts to collect the aforementioned alleged debt.

9. In at least one communication with Plaintiff, Defendant's agent, representative and/or employee referred to Defendant only as "CRS and Associates" and failed to give meaningful disclosure of Defendant's identity.

10. In at least one telephone communication with Plaintiff, Hazel represented herself as an attorney. Upon information and belief, Hazel is not an attorney.

11. In at least one telephone communication with Plaintiff, Hazel threatened to garnish Plaintiff's wages and repossess her car in order to satisfy the alleged debt.

12. To date, Defendant has not initiated a lawsuit against Plaintiff, and thus lacks standing to garnish Plaintiff's wages to satisfy the alleged debt. Further, the car subject of the alleged debt was repossessed during the calendar year of 2009, and Plaintiff's current car is unrelated to the alleged debt.

13. During the calendar month of July 2012, Hazel and/or Bray solicited a post-dated electronic check from Plaintiff knowing she did not have the funds available to cover the amount of the check. Plaintiff client called Hazel and/or Bray back to request that Defendant not present the check to her bank for payment. Defendant then presented the check to Plaintiff's bank under a different name and without the check number, to bypass Plaintiff's stop payment request. The check bounced and Plaintiff incurred $66 in fees from her bank.

14. In a subsequent telephone communication, Bray told Plaintiff he was going to report her to the Attorney General for check fraud.

15. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Placing telephone calls to Plaintiff without meaningful disclosure of Defendant's caller's identity, in violation of 15 U.S.C. § 1692d(6);

    b. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

3

    c.    Representing or implying that nonpayment of the alleged debt would result in the arrest or imprisonment of Plaintiff, and/or the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

    d.    Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    e.    Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of 15 U.S.C. § 1692e(7);

    f.    Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

    g.    Using a business, company or organization name other than the true name of Defendant's company, in violation of 15 U.S.C. § 1692e(14);

    h.    Using an unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and

    i.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

5

16. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JULIE ASHBROOK, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $1,000.00 for each violation of the FDCPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ James M. Ervin
James M. Ervin
Federal Bar ID No. 9537
Attorney for Plaintiffs
Luxenburg & Levin, LLC
1824 Bull Street
Columbia SC 29201
(888) 493-0770, ext. 308 (phone)
(866) 551-7791 (facsimile)
James@LuxenburgLevin.com